UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN WASHINGTON                                           CIVIL ACTION

VERSUS                                                     NO. 25-2072

CAPTAIN GALLOWAY, ET AL.                                   SECTION: "D"(3)

### REPORT AND RECOMMENDATION

While incarcerated at the St. Tammany Parish Jail, plaintiff Brian Washington filed this federal civil rights complaint pursuant to 42 U.S.C. § 1983. Washington did not submit an application to proceed *in forma pauperis* or pay the filing fee.

On November 13, 2025, a Notice of Deficient Filing sent by the Court to Washington at the St. Tammany Parish Jail was returned as undeliverable and stamped "RETURN TO SENDER UNDELIVERABLE AS ADDRESSED UNABLE TO FORWARD."[1]

Washington provided no alternate private home address in the complaintand has not notified the Court of a current address. That failure is a direct violation of this Court's Local Rules, which expressly provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1.  Moreover, it is clear that Washington was in fact aware of that obligation, in that the deficient complaint included the following

---

[1] R. Doc. 4.

declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2]

This Court's Local Rules provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. As already noted, more than thirty-five days ago, mail sent to Washington at the St. Tammany Parish Jail, was returned by the United States Postal Service as undeliverable. A recent search of Louisiana's Vinelink inmate database reflects that Washington was released from custody on September 25, 2025.[3]

In the light of the foregoing, it is appropriate to dismiss Washington's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used

---

[2] R. Doc. 1 at 3.
[3] https://vinelink.com/person-detail/offender/50782841;tabIndexToSelect=0.

sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because Washington is proceeding *pro se*, the Court need consider only Washington's own conduct in determining whether dismissal is proper under Rule 41(b). Here, Washington has not provided the Court with a current address despite being aware of the obligation to do so. Due solely to this failure, this Court has no way to advance this case on the docket. This delay is caused by and attributable to Washington, justifying dismissal of the complaint for failure to prosecute. *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008). Accordingly, the complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Washington's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass*

*v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 23rd day of December, 2025.

                                     **EVA J. DOSSIER**
                                     **UNITED STATES MAGISTRATE JUDGE**